UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX MCNAMARA,

    Plaintiff,

v.                                        Case No: 8:21-cv-618-MSS-JSS

BRENNTAG MID-SOUTH, INC.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. (Dkt. 22) Plaintiff seeks an Order: (1) preliminarily approving the proposed settlement agreement; (2) preliminarily certifying a class for settlement purposes only; (3) approving the form and manner of notice to the class; and (4) scheduling a fairness hearing for the final consideration and approval of the parties' settlement. (Id.) Defendant does not oppose the relief sought. (Id. at 29) The Court has considered Plaintiff's motion, proposed settlement agreement ("Settlement Agreement"), (Dkt. 22-2), and the entire record of this case. The Court hereby **ORDERS** that Plaintiff's Motion, (Dkt. 22), is **GRANTED** as follows:

    1.    <u>Incorporation of Definitions</u>. This Order incorporates by reference the definitions set forth in Plaintiff's Motion and the Settlement Agreement, and all terms used herein shall have the same meaning as set forth in those filings.

2. <u>Preliminary Approval of Proposed Settlement</u>. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, adequate, and within the range of reasonableness for preliminary settlement approval. The Court preliminarily finds that the Settlement Agreement resulted from extensive arm's length negotiations and is sufficient to warrant notice of the Settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>Class Certification for Settlement Purposes Only</u>. Plaintiff seeks certification of one settlement class based on Rule 23(b)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(c), the court conditionally certifies, for settlement purposes only, the following settlement class:

> All participants and beneficiaries in the Defendant's Health Plan who were sent COBRA Notice by Defendant during the Class Period as a result of a qualifying event, as determined by Defendant, who did not elect COBRA.

In connection with this conditional certification, the Court makes the following preliminary findings for settlement purposes only:

    A. The Settlement Class includes approximately 906 individuals is so numerous that joinder of all members is impracticable;

    B. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

    C. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement as the class;

    D. Plaintiff appears to be capable of fairly and adequately protecting the interests of all Settlement Class Members in connection with the proposed settlement as to the class;

    E. Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    F. Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

4.    <u>Class Counsel</u>. Based on the considerations in Rule 23(g), the Court appoints Luis A. Cabassa and Brandon J. Hill of Wenzel Fenton Cabassa, P.A., and Marc Edelman of Morgan & Morgan, P.A., as Class Counsel for the Settlement Class.

5.    <u>Standing</u>. Based on the findings above, the Court appoints Plaintiff Alex McNamara as Class Representative for the Settlement Class members and determines on the Parties' stipulation that the well-pleaded Complaint established Article III standing.

6.    <u>Class Notice</u>. The Class Notice is approved for distribution in accordance with the schedule included in the Settlement Agreement.

7.    <u>Initial Motion for Fees and Expenses</u>. Pursuant to Rule 23(h), Class Counsel is directed to file their motion for attorney fees and expenses at least **fourteen days** prior to the objection period expiring.

8. <u>Motion for Final Approval</u>. The Parties are directed to file their motion for final approval at least **fourteen days** prior to the objection period expiring.

9. <u>Opt-Outs and Objections</u>. Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement.

10. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendant. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

11. <u>Final Approval Hearing</u>. A Final Approval Hearing is set for February 16, 2022 at 10:30 AM in Courtroom 7A, United States Courthouse for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602.

12. For clarity of the record, the Court approves the following schedule:

| EVENT | DATE |
| --- | --- |
| Deadline to Mail Notice | November 29, 2021 |
| Deadline to File Motion for Fees and Expenses | January 14, 2022 |
| Deadline to File Motion for Final Approval | January 14, 2022 |
| Deadline to File Opt-Outs and Objections | January 28, 2022 |
| Final Approval Hearing | February 16, 2022 |

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of November 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

4

Counsel of Record
Any Unrepresented Person