UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEX MCNAMARA**, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.                              Case No: 8:21-cv-0618-MSS-JSS

**BRENNTAG MID-SOUTH, INC.,**

    Defendant.
_____/

<u>ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT</u>

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Settlement, (Dkt. 25), and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs, (Dkt. 26), both of which came before the Court for hearing on February 16, 2022. Due and adequate notice has been given to Settlement Class Members as required by the Court's Order granting preliminary approval to the class action settlement and conditionally certifying the class for settlement purposes. (Dkt. 24) The Court, having considered all papers filed and proceedings in this action, and having received no objections to the settlement, hereby **ORDERS** that Plaintiff's Unopposed Motion for Final Approval of Class Settlement, (Dkt. 25), is **GRANTED**, and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs, (Dkt. 26), is **GRANTED**.

1

The Court finds:

1. All defined terms contained herein shall have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with the Court.

2. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Furthermore, the Class Representative and Class Members have Article III standing.

3. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in an all-day mediation session with the assistance of an experienced neutral class action mediator, and only after counsel for both sides exchanged information on the claims and class size. Furthermore, Plaintiff retained counsel well-versed in the law pertaining to COBRA notice cases on a class basis. Therefore, Counsel for the Parties were well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

4. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b), as well as Fed. R. Civ. P. 23(e), have been satisfied for settlement purposes only for each Settlement Class Member

5. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

6. The Court finds the requirements of the Class Action Fairness Act have been satisfied.

7. The Court appoints attorneys Luis A. Cabassa and Brandon J. Hill of the law firm, Wenzel Fenton Cabassa, P.A., and Marc Edelman from the Morgan & Morgan, P.A., law firm, as class counsel.

8. Further, Named Plaintiff Alex McNamara shall continue serving as the Class Representative.

9. The Court makes the following findings on Notice to the Settlement class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i) constitute the most effective and practicable notice of the Final

Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

10. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

11. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

12. The Parties are hereby ordered to implement and consummate the Settlement Agreement according to its terms and provisions.

13. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount $70,000.00 payable pursuant to the terms of the Settlement Agreement.

14. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have

*res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

15. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

16. The Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

17. The Court maintains jurisdiction over this case for one year to enforce the terms and conditions of the Settlement Agreement if needed.

18. This case shall remain **CLOSED**.

**DONE and ORDERED** in Tampa, Florida this 17th day of February 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party